# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-65-FDW

| | |
|---|---|
| JOHNNIE D. ALLEN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| DAVID MITCHELL, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(a). Also pending are Plaintiff's "Motion for Temporary Restraining Order, Motion for Mandatory Injunction and Prohibitory Injunction," (Doc. No. 9), Plaintiff's Motion for Temporary Restraining Order Notice Motion for TRO Immediate Enforcement of Trespass Vi Et Armis," (Doc. No. 12), and Plaintiff's "Notice of Motion for Reaffirmation and Reinforcement of Order for Answers/Responses to Docket No. 11 and 12," (Doc. No. 15).

On April 16, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Johnnie D. Allen, a North Carolina prisoner incarcerated at Maury Correctional Institution in Maury, North Carolina, filed this action on March 9, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) David Mitchell,

1

identified as the Regional Director of the Western Mountain Region of North Carolina; (2) Kenneth Lassiter, identified as the Director of the Division of Prisons and Division of Adult Correction; (3) Julia Jenkins, identified as the Correctional Planner II for the North Carolina Department of Public Safety's ("DPS") Rehabilitative Diversion Unit ("RDU") Program at Marion Correctional Institution; (4) Gary Swink, identified as the Program Director II of the DPS/RDU Program at Marion; (5) David Cathran, identified as the Correctional Program Director of the DPS/RDU at Marion; (6) H. Corpening, identified as the Correctional Administrator at Marion; (7) Darrrel Watkins, identified as the Assistant Superintendent for Custody/Operations for the DPS/RDU at Marion; (8) C. Crawford, identified as the Assistant Superintendent of Programs for the DPS/RDU at Marion; and (9) Turner South, identified as the Facility Classification Coordinator at Marion. Plaintiff alleges that his constitutional due process and other rights are being violated because he was placed in the RDU program while he was incarcerated at Marion Correctional Institution between September 2016 and February 2018.[1]

In support of his claims, Plaintiff alleges that he was "coerced" into joining the RDU program while at Marion. (Doc. No. 1 at 3). He alleges that, while in the RDU program, he was subject to extremely restrictive conditions, including being on lock-down for 23 hours out of the day and being denied privileges enjoyed by the regular population at Marion. Plaintiff also alleges generally that prisoners in the RDU program are treated worse than those in segregation, while still being categorized as if they were in the general population. Plaintiff also alleges that the treatment of RDU prisoners amounts to a violation of their rights to privacy and free speech

---

[1] The RDU program at Marion "was created as part of NCDPS's recent policy reforms regarding restrictive housing in the North Carolina prisons." Covington v. Lassiter, No. 1:16cv387, 2017 WL 3840280, at *5 (W.D.N.C. Sept. 1, 2017). A full description and discussion of the RDU program at Marion can be found in Covington v. Lassiter, and this Court takes judicial notice of the Court's description of the RDU program in that action.

because, although the RDU program is not a Security Risk Threat ("SRT") program, prisoners in the program are treated as if they were classified as SRT prisoners. Plaintiff also alleges various instances in which he states that officials violated prison policies and procedures in administering the RDU program.

Plaintiff alleges that the RDU program at Marion "is a sham that has not only deceived the public but also it has caused injury to the plaintiff whose rights to due process were violate[d] and was falsely imprisoned under false pretenses." (Doc. No. 1 at 10). He further alleges that, for prisoners in the RDU program, "[i]ncidents of excessive use of force by staff are going unreported, uninvestigated after prisoner reports, and covered up in multiple cases" and that prisoners like Plaintiff who are "forced to participate in the fraudulent RDU program are suffering malicious injury and violation of due process." (Id. at 12).

Plaintiff states that he was transferred to Mountain View Correctional Institution after complaining about his treatment in the RDU program at Marion, but that officers at Mountain View are not trained to address Plaintiff's mental issues. Finally, Plaintiff complains that he was wrongly placed in restricted housing status while at Mountain View Correctional Institution. As noted, Plaintiff is now at Maury Correctional Institution, where he is still in restricted housing status.

As relief, Plaintiff requests appointment of counsel, for the Court to "grant motion for joinder of each of the claims in regards to RDU/David Mitchell," and for the Court to order Plaintiff's "immediate releasee from restricted housing status." (Id. at 12).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

3

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

For the following reasons, the Court finds that Plaintiff fails to state a cognizable claim for a violation of any of his federal or constitutional rights. First, to the extent that Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights by placing him in the RDU program while incarcerated at Marion, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security

classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).

Here, Plaintiff's designation in the RDU program while at Marion was nothing more than a security classification used by the prison. Moreover, Plaintiff does not allege any facts showing that the restrictions of the RDU program posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim or any other violation of any of his constitutional or other federal rights. Accord Hamilton v. Welton, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); Taylor v. Clore, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007). As for Plaintiff's cruel and unusual punishment claim, his allegations regarding the conditions to which he was subjected while in the RDU program do not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14,

5

2014).

This Court further notes that, as to Plaintiff's only requested relief in this action—to be removed from restricted housing status—a prisoner's housing status is within the prison's discretion to determine. Hewitt, 459 U.S. 460 at 468. In any event, Plaintiff's current housing status appears to be appropriate. The North Carolina Department of Public Safety website shows that Plaintiff was convicted in state court of second-degree murder in 2004, and he has incurred 192 infractions since his sentence began, including, but not limited to, disobeying orders, weapon possession, lock tampering, engaging in a sexual act, involvement with a gang, substance possession, assaulting staff, and threatening to harm staff.

As to Plaintiff's "Motion for Temporary Restraining Order, Motion for Mandatory Injunction and Prohibitory Injunction," (Doc. No. 9), Plaintiff's Motion for Temporary Restraining Order Notice Motion for TRO Immediate Enforcement of Trespass Vi Et Armis," (Doc. No. 12), and Plaintiff's "Notice of Motion for Reaffirmation and Reinforcement of Order for Answers/Responses to Docket No. 11 and 12," (Doc. No. 15), these motions are all denied for the same reasons that this Court has concluded that Plaintiff has not stated a cognizable claim for relief.[2]

Finally, to the extent that Plaintiff purports to bring any state law claims against any of the named Defendants, the Court declines to exercise supplemental jurisdiction as to any purported state law claims. 28 U.S.C. § 1367(a).

**IV.  CONCLUSION**

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim for

---

[2] In any event, some of the relief sought in these various motions, such as a transfer away from Mountain View Correctional Institution, has already occurred.

an alleged violation of his constitutional or federal rights under Section 1983.  See 28 U.S.C. § 1915(a).  To the extent that Plaintiff purports to bring any state law claims against any of the named Defendants, the Court declines to exercise supplemental jurisdiction as to any purported state law claims.  28 U.S.C. § 1367(a).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.  Plaintiff's federal constitutional claims are dismissed with prejudice.  To the extent that Plaintiff purports to bring state law claims, those claims are dismissed without prejudice.

2. Plaintiff's "Motion for Temporary Restraining Order, Motion for Mandatory Injunction and Prohibitory Injunction," (Doc. No. 9), Plaintiff's Motion for Temporary Restraining Order Notice Motion for TRO Immediate Enforcement of Trespass Vi Et Armis," (Doc. No. 12), and Plaintiff's "Notice of Motion for Reaffirmation and Reinforcement of Order for Answers/Responses to Docket No. 11 and 12," (Doc. No. 15), are **DENIED**.

3. The Clerk is directed to terminate this action.

Signed: September 19, 2018

Frank D. Whitney
Chief United States District Judge